UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERIC PATRICK KOON,

Plaintiff,

v.

KLAMATH COUNTY SHERIFF'S;
SERGEANT (SHERIFF) DAVIDSON;
DEPUTY (SHERIFF) KABAR,

Defendants.

Case No. 1:23-cv-01626-CL

**ORDER**

**KASUBHAI,** United States District Judge:

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Clarke issued a Findings and Recommendation on June 29, 2026, in which he recommends that this Court grant Defendants' Motion for Summary Judgment. F&R 9, ECF No. 68. When a party objects to a Magistrate Judge's Findings and Recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court has no obligation to review the portions of the Magistrate Judge's report to which no party has objected. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). However, the district court is not precluded from *sua sponte* review of other portions of the Findings and Recommendation, *Thomas v. Arn*, 474 U.S. 140, 149 (1985),

and the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that the court should review such portions for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Here, Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl.'s Objs., ECF No. 73; Pl.'s Am. Objs., ECF No. 74. The Court has carefully considered Plaintiff's objections and reviewed the relevant portions of the record *de novo* and concludes that there is no basis to modify the Findings and Recommendation. The Court likewise finds no clear error with the remainder of the Findings and Recommendation to which no objections were filed.[1]

**CONCLUSION**

The Court ADOPTS Magistrate Judge Clarke's Findings and Recommendation, ECF No. 68. Defendants' Motions for Summary Judgment (ECF Nos. 36, 45) are therefore GRANTED.

IT IS SO ORDERED.

DATED this 5th day of November 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge

[1] The Court notes that Plaintiff did not raise a RLUIPA claim in his complaint. Compl. 2-4, ECF No. 2. The Court considers Judge Clarke's RLUIPA analysis of Plaintiff's free exercise claim an analytical tool explaining that Defendants' conduct comports with the standard governing free exercise claims under the First Amendment and with the higher standard governing free exercise claims under RLUIPA. *See Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2008).